1999 ME 5

**David PITT**

v.

**Alfred C. FRAWLEY, et al.[1]**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1998.

Decided Jan. 6, 1999.

---

1. Defendants are: Randy Dunican, Schooner Business Brokers, Hot Springs, Inc., Alfred C. Frawley, Brann & Isaacson, and Mahanasig Limited.

Thomas J. Connolly (orally), Portland, for plaintiff.

Peter J. DeTroy (orally), Terry A. Fralich, Norman, Hanson & DeTroy, LLC, Portland, for Frawley and Brann & Isaacson.

David J. Van Dyke, Berman & Simmons, Lewiston, for Dunican, Schooner Investments and Hot Springs, Inc.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff David Pitt appeals from the judgment of the Superior Court (Cumberland County, *Mills, J.*) following a jury verdict in favor of defendants on Pitt's complaint. On appeal, Pitt alleges that the court erred by prohibiting him from questioning defendant attorney Alfred Frawley regarding the Maine Bar Rules and by refusing to instruct the jury on Frawley's alleged professional negligence based on those Rules. Pitt also contends that the court erred by excluding expert testimony regarding a fire at the place of business of defendant Randy Dunican and evidence regarding Pitt's good character. We find that the court did not abuse its discretion by prohibiting Pitt from eliciting expert testimony from Frawley regarding the Bar Rules and, therefore, did not err in instructing the jury. Finding no error, we affirm the judgment.

[¶ 2] As a result of a speculative real estate project that failed, Pitt brought a complaint that alleged breach of contract, fraud, negligent misrepresentation, breach of the covenant of fair dealing and good faith in a service contract, professional negligence, negligent interference with advantageous economic relations, waste, constructive fraud, and fraud in violation of the Uniform Deceptive Trade Practices Act against all defendants. Evidence at trial would allow the following factual findings: In 1976 Pitt purchased a piece of property in Ireland called Tooreenagrena. In 1983 Pitt and a group of friends created a corporation, Mahanasig Limited ("Mahanasig"), to which Pitt transferred ownership of Tooreenagrena with the hopes of developing a time share venture. Late in 1990, Pitt approached Randy Dunican, chief executive officer of Schooner Business Brokers, to assist in developing the property.

[¶ 3] Pitt alleged that Alfred Frawley, a member of the law firm of Brann & Isaacson and Dunican's attorney, agreed to represent Mahanasig in its dispute with James Whelan, an attorney in England, in exchange for an interest in the project. Mahanasig owed Whelan a large debt arising from title work Whelan had performed, and Whelan filed a claim against Mahanasig in Ireland in 1991. Frawley insisted at trial that he never represented Pitt or Mahanasig, but merely assisted Mahanasig and Schooner Business Brokers by drafting letters of intent for the venture and negotiating with Whelan. The parties produced no written documentation regarding Frawley's status. In 1993 Whelan obtained a judgment against the Tooreenagrena property and as a result, Mahanasig lost the property.

[¶ 4] Prior to trial, the court granted summary judgment for defendants Frawley and Brann & Isaacson on several of Pitt's claims[2] and at the close of Pitt's case in chief, the court entered judgment as a matter of law for defendants on several other counts.[3] At the conclusion of the trial, the

---

2. The court granted summary judgment in favor of defendants Frawley and Brann & Isaacson on Pitt's claims of breach of covenant of fair dealing and good faith in a service contract, negligent interference with economic relations, and con-

structive fraud. The court also ordered that a default judgment be entered against defendant Mahanasig Limited on all counts.

3. The court granted judgment as a matter of law to defendants Frawley and Brann & Isaacson on

jury returned a verdict for defendants on all remaining counts. This appeal followed.

[¶ 5] Pitt's main contention on appeal is that the court erred by refusing to allow him to examine defendant Frawley regarding the Maine Bar Rules in relation to his claim of professional negligence against Frawley. The issue arose in a somewhat haphazard manner. During Pitt's case-in-chief, defendants' attorneys objected in chambers to the examination of defendant Dunican regarding the Maine Real Estate Commission Rules. They argued that because Dunican had not been designated as an expert, Pitt should not be permitted to solicit expert testimony concerning the standard of care required by the Rules. Pitt's attorney argued that he should be allowed to question Dunican on the Maine Real Estate Commission Rules as well as Frawley on the Maine Bar Rules because he was calling them during his case-in-chief, and thus their statements would be admissions of a party-opponent rather than expert testimony.

[¶ 6] As relevant to this appeal, the court ruled that the professional standards established by the Maine Bar Rules required expert testimony and that due to the failure of Pitt to designate Frawley as an expert witness, Pitt would be foreclosed from eliciting Frawley's opinion regarding the Maine Bar Rules. The court explained:

> [T]here have been no experts designated by the Plaintiff on any issue. And in reliance on that, the Defendants have not hired and engaged experts. They have not designated any experts. They haven't deposed anybody with the understanding that they would be an expert.... But [Frawley and Dunican] are not expert. If they were experts, they should have been designated. There should have been 26(b) information provided and then the Defendants would have had the opportunity to decide how they intend to proceed. *[Defendants] have come to court with the un-*

*derstanding that there's no expert testimony in this case.* (Emphasis added).

The court concluded that "the rules of discovery and all of the expedited orders that we sign and all the things you are suppose[d] to do before a lawsuit comes to trial should have some meaning."

[¶ 7] M.R. Civ. P. 16(h) authorizes the court to sanction a party for failing to comply with the requirements governing pretrial procedure. We review the court's imposition of a sanction for an abuse of discretion, and we will not "lightly overrule a trial court's judgmental choice of an appropriate sanction." *See Reeves v. Travelers Ins. Cos.,* 421 A.2d 47, 50 (Me.1980). Of particular relevance is our ruling in *Spickler v. York,* 566 A.2d 1385 (Me.1989), in which we held that it was an abuse of discretion for the court not to exclude the testimony of an expert witness who had not been designated despite a pretrial order. *See id.* at 1388–89.

[¶ 8] In this case, the court issued an expedited pretrial order that required the designation of expert witnesses. The pretrial order also required Pitt, following the close of all discovery, to file a report of conference of counsel including the designation of witnesses. Pitt did not disclose any expert witnesses to defendants nor did his report list any expert witnesses or designate Frawley as a witness.

[¶ 9] We have previously ruled that expert testimony is required in a legal malpractice claim to establish the appropriate standard of care. *See Jim Mitchell and Jed Davis, P.A. v. Jackson,* 627 A.2d 1014, 1017 (Me.1993) (holding that "expert evidence is required in a legal malpractice case to establish the attorney's breach of duty 'except in cases where the breach or lack thereof is so obvious that it may be determined by the Court as a matter of law, or is within the ordinary knowledge and experience of laymen'" (citation omitted)). It is beyond dis-

Pitt's claims of breach of contract, professional negligence on the theory of simultaneous representation, waste, and statutory fraud. The court did not grant judgment as a matter of law for defendants Frawley and Brann & Isaacson for professional negligence on the theory of neglecting an entrusted legal matter. The court granted

summary judgment for defendants Dunican and Schooner Business Brokers on Pitt's claims of breach of covenant of fair dealing and good faith in a service contract, negligent interference with advantageous economic relations, waste, and constructive fraud.

pute that expert testimony is required to establish the requisite standard of care for determining the alleged malpractice in question. Pitt did not disclose any expert witnesses, and, as a matter of fairness, the court did not abuse its discretion by prohibiting him from eliciting expert testimony from Frawley regarding the Maine Bar Rules. Even if Frawley's testimony constituted an admission, such an admission would necessarily be expert testimony offered in defiance of the results of the pretrial procedure.

[¶ 10] Because Pitt did not present expert testimony on the appropriate standard of care, the court did not err by refusing to instruct the jury on the issues of negligence arising from the Maine Bar Rules.[4]

[¶ 11] The remaining issues on appeal merit little discussion. The court did not err in excluding expert testimony and other evidence regarding a fire at Dunican's place of business, *see* M.R. Evid. 403, nor did it err in excluding testimony of Pitt's good character. Beyond the fact that such evidence of his character was never offered, it would have been inadmissible in any event. *See* M.R. Evid. 404, 405, 608.

The entry is:

Judgment affirmed.

---

**4.** With reference to Frawley's alleged professional negligence, the court did instruct the jury on the issues of fraud and neglect of a legal matter.