STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-116

ROBERT GOGUEN,

Plaintiff

v.

MICHAEL WAXMAN,

Defendant

RECD CUMB CLERKS OFC
FEB 23 18 AM 11:27

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT

Before the court is defendant Michael Waxman's motion for summary judgment and plaintiff Robert Goguen's motion for summary judgment. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

Factual Record

The background of this case derives from defendant's statement of material fact. Some of plaintiff's opposing statements of material fact do not include record citations in violation of Rule 56(h)(2). M.R. Civ. P. 56(h)(2). "Facts contained in supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). Plaintiff's record citations include his declaration or his 137-paragraph supplement. (See, e.g., Opp'g S.M.F. ¶ 18.)

Plaintiff Robert Goguen filed a civil rights lawsuit on a pro se basis against several corrections officers at Somerset County Jail in 2011 and alleged civil rights violations. (Def.'s S.M.F. ¶ 2.) The case was removed to federal court on February 6, 2012. (Def.'s S.M.F. ¶ 3.) The initial discovery deadline was July 26, 2012. (Def.'s S.M.F. ¶ 4.) The deadline was extended to March 7, 2013, the final extension. (Def.'s S.M.F. ¶ 6.) Defendant Waxman is an attorney in good

standing in the State of Maine. (Def.'s S.M.F. ¶ 1.) He filed a notice of appearance on behalf of Goguen on July 5, 2013, four months after the discovery deadline. (Def.'s S.M.F. ¶¶ 8-9.)

Plaintiff survived a motion for summary judgment in the civil rights suit based on a report and recommended decision by a magistrate. (Def.'s S.M.F. ¶ 7.) Defendant Waxman responded to the objection to the report and decision filed in the civil rights suit. (Def.'s S.M.F. ¶ 10.) Defendants in the civil rights case appealed to the United States Court of Appeals for the First Circuit, and the appeal was denied. (Def.'s S.M.F. ¶¶ 11-12.)

Jury trial in the case was held in the United States District Court for the District of Maine before a magistrate on October 6, 2015 through October 9, 2015. (Def.'s S.M.F. ¶ 13.) Judgment was entered in favor of defendants and against plaintiff Goguen. Goguen v. Gilblair, No. 1:12-cv-00048-JCN, 2018 U.S. Dist. LEXIS 16539 (D. Me. Feb. 1, 2018).

On March 13, 2017, plaintiff Goguen filed his complaint for legal malpractice based on defendant's representation of plaintiff in the civil rights suit. (Compl.) Plaintiff alleges that the parties argued over the direction of the case, introduction of certain evidence, and whether additional discovery was required in the civil rights case. (Compl. ¶¶ 8, 10, 12-19.)

On February 16, 2018, defendant's motion to dismiss plaintiff's complaint¹ and plaintiff's first motion to amend the complaint were denied. On June 7, 2018, plaintiff's second motion to amend complaint was denied. On December 20, 2018, plaintiff's third motion to amend complaint, filed on June 18, 2018, was denied.

On June 19, 2018 defendant moved for summary judgment, supported by a statement of material facts. Plaintiff filed his opposition to summary judgment on July 2, 2018 and complained that defendant had not responded to plaintiff's discovery requests. After a conference call, on

---

¹ On November 17, 2017, in his response to defendant's motion to dismiss, plaintiff requested a summary judgment. He withdrew that request on November 17, 2017.

November 28, 2018, the court ordered defendant to provide certain discovery and extended the deadline for plaintiff to file any supplemental response to defendant's motion for summary judgment.

On December 7, 2018, plaintiff filed an amendment to the pleadings of the complaint. On December 12, 2018, plaintiff filed a motion for summary judgment. On December 20, 2018, those motions were denied. On December 26, 2018, plaintiff's request to extend the deadline to file a supplemental response to defendant's motion for summary judgment was granted and the deadline was extended to January 11, 2018. On December 28, 2018, plaintiff filed a motion for reconsideration or clarification of the court's order denying amendments. On January 10, 2019, that motion was denied.

On January 9, 2019, plaintiff filed a "Request for Summary Judgment." On the same date, plaintiff filed an opposing statement of material fact, a declaration, and a "Supplement to Plaintiff's Opposition of Summary Judgment." In support of his motion for summary judgment, plaintiff relies on his opposing statement of material fact, which, as stated, does not include record citations in violation of Rule 56(h)(2). Defendant filed no response to those filings.

Standard of Review

Summary judgment is proper where there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Stanley v. Hancock County Comm'rs, 2004 ME 157, ¶ 13, 864 A.2d 169; M.R. Civ. P. 56(c). "Summary judgment is appropriate . . . if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Dyer v. DOT, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal quotation omitted).

## Discussion

To succeed on an attorney malpractice claim, "a plaintiff must prove . . . that the defendant breached a duty owed to the plaintiff to conform to a certain standard of conduct, and that the breach of that duty proximately caused an injury or loss to the plaintiff." Garland v. Roy, 2009 ME 86, ¶ 19, 976 A.2d 940 (internal quotation omitted). "Expert testimony is required in a legal malpractice claim to establish the appropriate standard of care and whether an attorney breached that standard of care, except when the breach or lack thereof is so obvious that it may be determined by a court as a matter of law or is within the ordinary knowledge of laymen." Kurtz & Perry, P.A. v. Emerson, 2010 ME 107, ¶ 26, 8 A.3d 677 (citation omitted).

In this case, the standard of care regarding defendant's trial strategy, judgement, and diligence, including what he should have done or failed to do, requires expert testimony. See Mitchell v. Jackson, 627 A.2d 1014, 1017 (Me. 1993); Pawlendzio v. Haddow, 2016 ME 144, ¶ 15, 148 A.3d 713. Plaintiff has offered no expert witness testimony in support of his claims. His reliance on Pawlendzio v. Haddow and Kurtz & Perry, P.A. v. Emerson, is misplaced, as these cases support the necessity of expert witness testimony to establish the standard of care; the absence of expert testimony in those cases resulted in granting summary judgment in favor of the attorneys. See Pawlendzio, 2016 ME 144, ¶ 15; 148 A.3d 713; Kurtz & Perry, 2010 ME 107, ¶¶ 26-27, 8 A.3d 677. Because plaintiff did not designate an expert witness to establish defendant's standard of care and any breach thereof, he has failed to raise a genuine issue of material fact regarding those issues; his own testimony is not sufficient. (See Def.'s S.M.F. ¶ 24; Pl.'s Opp. S.M.F. ¶ 24.)

The entry is

> Defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant, Michael Waxman, and against Plaintiff, Robert Goguen, on Plaintiff's Complaint.
>
> Plaintiff's Motion for Summary Judgment is DENIED.

Date: February 28, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3-1-19

ROBERT GOGUEN,

Plaintiff

v.

MICHAEL WAXMAN,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO
AMEND COMPLAINT

Before the court is defendant Michael Waxman's Motion to Dismiss, pursuant to M.R. Civ. 12(b)(6), and plaintiff's motion to amend complaint. For the following reasons, defendant's motion is denied and plaintiff's motion is denied.

DISCUSSION

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. Ramsey v. Baxter Title Co., 2012 ME 113, ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. Bisson v. Hannaford Bros. Co., Inc., 2006 ME 131, ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. Moody v. State Liquor & Lottery Commission, 2004 ME 20, ¶ 7, 843 A.2d 43.

The elements of legal malpractice are (1) breach of a duty by defendant attorney to conform to a certain standard of conduct, and (2) the plaintiff's damages were proximately caused by the defendant's breach. Niehoff v. Shankman & Assocs. Legal Ctr., P.A., 2000 ME 214, ¶ 7, 763 A.2d 121. Rule 1.1 of the Maine Rules of Professional Conduct states that "[a] lawyer shall provide competent representation to a client." M.R. Prof. Conduct 1.1. Comment 5 to Rule 1.1 indicates

1

that competent representation requires an attorney to conduct "inquiry into and analysis of the factual and legal elements of the problem" and to adequately prepare for proceedings. Id. Cmt. (5).

In his complaint filed on March 13, 2017, plaintiff asserts that defendant, attorney Waxman, failed properly to prepare, research legal questions, and conduct pretrial discovery. (Pl.'s Compl. ¶¶ 11, 15, 16.) Further, plaintiff asserts that defendant's failure to conduct adequate discovery caused his case to be unsuccessful. (Pl.'s Compl. ¶¶ 18-20.) Taking these facts as admitted, this court cannot say that it is beyond doubt that plaintiff is entitled to no relief.[1] See Moody, 2004 ME 20 ¶¶ 7-8, 843 A.2d 43 (citation omitted).

Plaintiff's proposed amended complaint contains 227 paragraphs. The pleading does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a).

The entry is

Defendant's Motion to Dismiss is DENIED.

Plaintiff's Motion to Amend Complaint is DENIED without prejudice.

Date: February 16, 2018

Nancy Mills
Justice, Superior Court

p

---

[1] Whether expert testimony will be offered at trial is not relevant to this motion to dismiss.

2