STATE OF MAINE                                    BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. BCD-CV-19-01


STEPHEN R. HESS,

                    Plaintiff                     **ORDER ON DEFENDANTS**
                                                  **JOHN A. TURCOTTE'S and**
v.                                                **AINSWORTH, THELIN &**
                                                  **RAFTICE, P.A.'S MOTION**
                                                  **TO DISMISS**


JOHN A. TURCOTTE; AINSWORTH,
THELIN & RAFTICE, P.A.; JONATHAN
R. BERRY; THE BERRY GROUP,
L.C.; and TIFFANY L. BOND

                    Defendants


        Before the Court is Defendant John A. Turcotte and Defendant Ainsworth, Thelin &

Raftice P.A.'s ("Ainsworth Thelin's") Motion to Dismiss for failure to state a claim. M.R. Civ. P.

12(b)(6). For the following reasons, the motion is denied.


**Facts**

        In 2016 and 2017 Plaintiff Stephen Hess was undergoing a divorce from his wife Daria.

During the divorce, Hess was represented by John Turcotte. Hess and his wife Daria have two

children. Daria is from Russia and both children have Russian as well as American passports.

During the divorce Hess was worried that Daria would flee to Russia with the Children and

expressed this concern to Turcotte on numerous occasions. The court appointed guardian ad litem

1

agreed with Hess that Daria posed a flight risk and recommended that Hess take possession of the children's passports. Despite Hess's concerns, Turcotte agreed during a mediation session to allow Daria's Attorney Jonathan Berry to hold the children's passports. Turcotte did not discuss with Hess any of the risks posed by this arrangement or the potential to have a neutral third-party hold the passports. Hess signed the mediation agreement on April 13, 2016.[1] On that same day, a Family Law Magistrate ("FLM") issued a status conference order incorporating the mediation agreement.

On April 27, 2016, Daria delivered an envelope supposedly containing the children's passports to Attorney Berry. On May 3, 2016 the FLM granted Berry leave to withdraw from his representation of Daria. On May 6, 2016, Berry informed the FLM that he had possession of all of the children's passports. On June 15, 2016, Turcotte agreed to allow Berry to transfer the children's' passports to Daria's new attorney Tiffany Bond. The FLM's status conference order was then amended to reflect that Bond would take possession of the passports. In late 2016, Bond withdrew as Daria's counsel and Turcotte continued to allow Bond to retain the passports. Berry never took any action to verify that the envelope held by Bond contained the children's Russian as well as American passports.

Despite the mediation agreement and status conference orders, the envelope Daria delivered to Attorney Berry only contained the children's American Passports. Daria fled to Russia with both Children just prior to the divorce trial scheduled for July 6, 2017.

Hess filed the instant complaint on November 7, 2018. The complaint contains two counts. Count I alleges a claim for professional negligence against Defendants Turcotte and Ainsworth Thelin. Count II alleges a claim for breach of fiduciary duty against Defendant Berry.

---

[1] This fact is not mentioned in the complaint but may be considered by the Court because the mediation agreement is both mentioned in the complaint and a public document. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

## Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217. The court accepts as true the factual allegations in the complaint and "do[es] not address the credibility, or the provability, of [the] allegations." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 8, 108 A.3d 1254. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

## Discussion

In his motion, Turcotte first argues that Hess is judicially estopped from pursuing his negligence claim. Specifically, Turcotte argues that Hess's negligence claim is clearly inconsistent with Hess's earlier acquiescence (as reflected by the mediation agreement) to allow attorney Berry to hold the children's passports. *See Maine Education Ass'n v. Maine Community College System Bd. of Trustees*, 2007 ME 70, ¶ 18, 923 A.2d 914 (stating the elements of judicial estoppel). Accordingly, Turcotte contends that Hess should be judicially estopped from arguing that Turcotte was negligent in agreeing to allow Berry to hold the children's passports.

The Court does not agree that Hess should be judicially estopped from pursuing his negligence claim against Turcotte. *Id.* ¶ 17. The doctrine of judicial estoppel serves the purpose of protecting the integrity of the courts and the judicial process by preventing a party from asserting

a position which is "clearly inconsistent" with a position the party previously asserted and which a court accepted. *Id.* ¶ 18. For the purposes of the judicial estoppel analysis, the issue central to Hess's negligence claim is whether Turcotte breached the standard of care he owed to Hess when he advised Hess to accept the mediation agreement and failed to take adequate steps to verify Daria's compliance with the mediation agreement. Hess's position that Turcotte breached the standard of care is not clearly inconsistent with Hess's acceptance of the mediation agreement and reliance on the advice and performance of his attorney Turcotte. Consequently, the doctrine of judicial estoppel is not implicated. *Id.*

Second, Turcotte argues that the complaint does not allege facts which are legally sufficient to support a breach of his duty. Specifically, Turcotte argues that obtaining a court order requiring Daria to forfeit the children's passports to her attorney cannot constitute a breach of duty. Similarly, Turcotte also argues that his reliance on Berry's representation that Daria had turned over the passports is reasonable and therefore cannot constitute a breach.

Turcotte's argument requests the Court to decide as a matter of law that Turcotte has not breached any duty owed to Hess. In legal malpractice claims, expert testimony is typically required to establish both the standard of care and whether the defendant attorney has breached that standard of care. *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 26, 8 A.3d 677. The exception occurs where the breach, or lack thereof, is so obvious that it would be within the common knowledge of a laymen or may be decided by the court as a matter of law. *Id.*

In this case, the parties have not had an opportunity to establish the standard of care through expert testimony. Given this as well as the fact bound nature of the question of breach, the Court cannot at this juncture determine that the lack of a breach is obvious or decide as a matter of law that no breach of duty has occurred. Instead, the Court believes that this determination may be

more appropriately made after the parties have had an opportunity to engage in discovery and present expert testimony by which the court may assess whether a breach is obvious or can be decided as a matter of law. Consequently, after assessing the allegations in the light most favorable to Hess, the Court finds that that the complaint has pled facts sufficient to support a breach of duty.

Finally, Turcotte argues that even if the complaint sufficiently alleges a breach of duty, the allegations of the complaint are not sufficient to support a finding of causation. Specifically, Turcotte points to Hess's burden to prove that in the absence of Turcotte's breach of duty, Hess would have obtained a different and better result. Turcotte argues that this burden cannot be met because there is no way that the court could have prevented Daria from traveling to Russia; the complaint does not allege any facts suggesting Daria would have agreed to give the passports to her husband's attorney or the FLM; and there are no facts which suggest the FLM would have ruled in favor of Hess on this issue.

Turcotte's argument, however, ignores the standard of review by which the Court must assess the adequacy of Hess's complaint. In order to prevail, Turcotte must show that Hess "is not entitled to relief under any set of facts that [Hess] might prove in support of his claim." *Johanson*, 2001 ME 169, ¶ 5, 785 A.2d 1244. In a seeming reversal of this standard, Turcotte points to a number of factual scenarios which would undermine and defeat Hess's claim and argues that because of their possible existence, Hess's complaint should be dismissed. Once again, while it is questionable whether Turcotte's action (or failure to act) is a proximate cause of Hess's injury, the Court cannot say that no possible set of facts exists which would entitle Hess to the relief he seeks. This is particularly so given the complaint's allegations that Turcotte did not verify that Berry held the children's Russian passports and that the court appointed guardian ad litem recommended the

passports be held by Hess rather than Daria. Accordingly, the Court finds that the complaint pleads facts sufficient to support the element of causation.

**Conclusion**

For the foregoing reasons, the Court concludes that the allegations of Hess's complaint are sufficient to support a claim of professional negligence against Defendants Turcotte and Ainsworth Thelin.

The entry is

> Defendants John A. Turcotte's and Ainsworth, Thelin & Raftice, P.A.'s Motion to Dismiss is DENIED

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

March 29, 2019                          ____/s_____
**Date**                                **M. Michaela Murphy**
                                        **Justice, Superior Court**