STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-377

HOMER HEDRICH,

      Plaintiff

v.

                           ORDER

CARL OVERCASH,

      Defendant

Before the court is a motion for summary judgment filed by defendant Carl Overcash based on the doctrine of claim preclusion.

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Mahar v. StoneWood Transport*, 2003 ME 63 ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services*, 1999 ME 158 ¶ 3, 740 A.2d 560.

In this case the material facts are undisputed, and the issue turns on whether the doctrine of claim preclusion applies to decisions rendered in protection from harassment cases when one of the parties subsequently brings an action in tort for damages.

**Plaintiff-Martin Ridge, Esq.**
**Defendant-Daniel Feldman, Esq.**

Prior Proceedings

On September 28, 2017 plaintiff Homer Hedrich filed a complaint for protection from harassment alleging that on September 27, 2017 he had been assaulted by Overcash in a Hannaford parking lot, punched in the face, and kicked while on the ground. Hedrich further alleged that he had been transported by ambulance to Mercy Hospital and diagnosed with a severe concussion, lacerations to his face, and trauma to his neck and back. He stated that after the assault Overcash had threatened him, telling him to watch out or someone would "tear him limb from limb," and that he feared for his safety. [1]

Hedrich's complaint requested that Overcash be prohibited from harassing, threatening, assaulting, or having any contact with Hedrich. The complaint also sought monetary compensation and attorney's fees.

Hedrick received a temporary order of protection and a hearing was held on October 23, 2017 at which both parties were present. At or after the hearing the District Court (Powers, J.) entered a form order, checking the boxes stating that there had been a full hearing on the merits, that both parties had been present,[2] and that the court found that Overcash had harassed Hedrich. *Hedrich v. Overcash*, Docket No. PORDC-PA-2017-815, Order filed October 23, 2017.

The District Court therefore prohibited Overcash, inter alia, from harassing, threatening, assaulting, or otherwise abusing Hedrich, from going on Hedrich's property, and from having any direct or indirect contact with Hedrich. The District Court also ordered that Overcash pay $5,630.59 to Hedrich "as monetary compensation for losses suffered as a direct result of the harassment" and $2,300 to Attorney Laura Curtis as counsel fees. *Id.*

---

[1] Hedrich's complaint recounts that his ex-wife is married to Overcash and that there had recently been a significant dispute over their daughter's college savings plan that had involved court proceedings

[2] The court added the notation that Hedrick was represented by Attorney Laura Curtis.

<u>Subsequent Complaint and Defendant's Motion for Summary Judgment</u>

On September 18, 2019 Hedrich filed the complaint in the action before the court. The complaint alleges that Overcash committed an unprovoked assault on Hedrich in the Hannaford parking lot on September 27, 2017 and that Overcash had punched Hedrich and kicked him when he was down. The complaint further alleges that Hedrich suffered injuries including a facial injury that required surgery, a concussion, injuries to his teeth that required corrective dental work, and aggravation of a pre-existing back and neck condition. It also alleges that these injuries have caused Hedrich great emotional distress requiring counseling, multiple doctor visits, and prescriptions for anxiety, depression, and pain.

On December 23, 2019 Overcash filed the motion for summary judgment now before the court, arguing that Hedrich had already litigated his claim for damages based on the alleged September 27, 2017 assault in the protection order proceeding and that his complaint in this action is barred by the claim preclusion component of *res judicata*.

In his opposition to the motion for summary judgment Hedrich has submitted an affidavit stating that the medical and counselling expenses not ruled upon in the protection order case included dental expenses incurred during the winter of 2017-18, facial surgery in May 2018, counseling costs incurred in 2017-18, primary care visits in 2017-18, and lost wages in 2017. Hedrich Aff. ¶ 16, cited in Plaintiff's statement of additional material facts ¶ 8.

Overcash argues that this does not constitute admissible evidence, but Hedrich is competent to testify, for example, that he incurred dental expenses and underwent facial surgery after the October 23, 2017 protection order – expenses could not have been presented to the District Court before they had been incurred.[3] This does not necessarily resolve the legal question of whether res judicata applies.

---

[3] Whether or to what extent that other damages sought by Hedrich in this action were or could have been presented to the District Court cannot be determined from the summary judgment record.

3

The other factual disputes raised by Overcash do not affect the claim preclusion issue.[4]

Res Judicata

The Law Court has described *res judicata* as containing two components: collateral estoppel, also referred to as issue preclusion, and claim preclusion. *Kurtz & Perry P.A. v. Emerson,* 2010 ME 107 ¶ 16, 8 A.3d 677.

Overcash argues that he is entitled to summary judgment based on a straightforward application of the claim preclusion component of *res judicata.* Under that doctrine, relitigation of the same claim, even if different relief is sought and different theories are advanced, is barred "if (1) the same parties or their privies are involved in both actions, (2) a valid final judgment was obtained in the prior action; and (3) the matters presented for decision in the second action were or might have been, litigated in the first action." *Guardianship of Jewel M.,* 2010 ME 80 ¶ 40, 2 A.3d 301; *Thibeault v. Brackett,* 2007 ME 154 ¶ 7, 938 A.2d 27; *Kradoska v. Kipp,* 397 A.2d 562, 565 (1979).

In determining whether the same claim is involved, the Law Court has applied a transactional test – whether the later suit arises

> out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

*Thibeault v. Brackett,* 2007 ME 154 ¶ 7, quoting *Johnson v. Samson Construction Corp.,* 1997 ME 220 ¶ 6, 704 A.2d 866.

In this case there is no dispute that the case arises from the same aggregate of operative facts, that the same parties are involved, and that a valid final judgment was obtained in the prior

---

[4] Overcash disputes that the assault on Hedrich was unprovoked. Although he admits that he punched Hedrich, he disputes that he kicked Hedrich while the latter was on the ground. Overcash Reply SMF responses to paragraphs 1 and 2 of Hedrich's statement of additional material facts. Overcash also disputes that the District Court made a finding that his testimony was not credible.

4

action. It is also true that some of the matters in the second action (a portion of Hedrich's damages) were litigated in the first action. However, not all of the damages now sought by Hedrich could have been obtained in the protection from harassment proceeding.

Under the protection from harassment statute, "Compensatory damages are limited to loss of earnings or support; reasonable expenses incurred for safety protection; reasonable expenses incurred for personal injuries or property damage; and reasonable moving expenses." 5 M.R.S. § 4655(1)(D). Damages for pain and suffering and emotional distress and punitive damages – now sought by Hedrich in this action – are not included. Accordingly, Hedrich cannot be barred from obtaining relief that was not available in the protection from harassment case. *See* Restatement (Second) of Judgments § 26(c).

Even as to those damages that were available in the protection from harassment case, there is reason to question whether the claim preclusion doctrine should be strictly applied to matters litigated in protection from abuse and protection from harassment proceedings. This is succinctly stated in a 1996 decision by Justice Alexander, then in the Superior Court:

> [T]he doctrine of *res judicata* must be applied vary cautiously to protection from abuse or protection from harassment matters. Those cases are special proceedings, generally placed on a fast track to resolution directed primarily to the personal security matters they raise . . . .
>
> While it is possible to litigate many issues as part of a protection from abuse case, in actual practice full litigation of all potential issues is rare in such proceedings. Further, it would not promote the ultimate personal protection goals of the statute to adopt an interpretation of the protection from abuse statute that encourages full litigation of all potential issues between the parties before a protection from abuse case should be resolved.
>
> While it may be possible to argue that there is a *res judicata* effect with respect to issues that are explicitly resolved by a protection from abuse order, the court determines that the doctrine of *res judicata* cannot be properly applied to bar litigation of issues that could have been, but were not, addressed in a final protection from abuse order.

5

*Burke v. Dillingham,* 1996 Me. Super. LEXIS 133 (Superior Ct. Androscoggin County, order filed May 3, 1996).

A second Superior Court justice ruled in 2007 that the findings in a prior protection from harassment case did not provide a basis to assert collateral estoppel. *Liberty v. Bennett,* 2007 Me. Super. LEXIS 22, *17 (Superior Ct. Cumberland County, order filed January 29, 2007) (Delahanty, J.). To the same effect, Restatement (Second) of Judgments § 28(3) states that relitigation of an issue is not precluded when "a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation n of jurisdiction between them."[5]

In this case the alleged assault occurred on September 27, 2017 and Hedrich – expressing fear for his safety – filed his complaint for protection from harassment one day later. Hearings are provided as promptly as possible in such cases - in this case, less than a month later. At the time of the hearing, Hedrich offered evidence of some of his damages, but he could not have offered evidence with respect to medical and dental expenses that had not been incurred and allegedly based on injuries inflicted by Overcash.

Under these circumstances the court is persuaded by Justice Alexander's decision in *Burke v. Dillingham* that claim preclusion should not be applied to bar litigation of matters that could have been, but were not addressed, in a final protection from harassment order. The court sees no difference for claim preclusion purposes between protection from abuse and protection from harassment. If claim preclusion applied, a party would have to weigh the need to seek immediate protection – the overriding goal of the protection from harassment statute – against the potential preclusion of significant damage claims to the extent that those claims had not yet become apparent, as in the case where an injury eventually requires significant additional treatment.

---

[5] Counsel for plaintiff has attached to his opposition memorandum an unsigned copy of what purports to be an unreported District Court decision in *Guerin v. Guerin,* Docket No. 98-FM-377 (Tenth District Court Springvale), declining to apply collateral estoppel based on a prior protection from abuse order and citing Restatement (Second) of Judgments § 28(3). The court cannot rely on unsigned and unreported orders that do now show evidence of having been filed and issued.

6

The court therefore rules that claim preclusion does not apply to Hedrich's damage claims that relate to medical and dental procedures and treatment that occurred after the October 23, 2017 protection from harassment hearing. As to the damages previously awarded in the protection from harassment case, there can be no double recovery, and the court is prepared to consider the extent to which certain of Hedrich's claims (such as lost wages in 2017) were already litigated in the prior proceeding (or perhaps could have been anticipated) and cannot be sought again.[6]

As noted above, claim preclusion also does not apply to claims for pain and suffering and emotional distress and for punitive damages that could not have been obtained in the protection from harassment proceeding.

In his motion for summary judgment Overcash also sought attorney's fees, contending that Hedrich's initiation of this action – plainly barred, according to Overcash, by claim preclusion – was an abuse of the litigation process. The court denies Overcash's attorney's fee request because it has found that claim preclusion does not apply. However, the court is aware that the Law Court has not ruled on the applicability of claim preclusion to judgments in protection order cases and might disagree with the court's ruling.

Even if claim preclusion were ultimately found to apply, however, Overcash would not be entitled to attorney's fees. While a trial court possess inherent authority to impose sanctions for abuse of the litigation process, such authority should be used sparingly, only when the abuse of the litigation process is clear, and only "in the most extraordinary circumstances." *Cimenian v. Lumb,* 2018 ME 107 ¶ 11, 951 A.2d 817, quoting *Linscott v. Foy,* 1998 ME 206 ¶ 17, 716 A.2d 1017. As is demonstrated by this ruling and by Justice Alexander's decision declining to apply claim preclusion to a protection order, this case would not be appropriate for the imposition of sanctions under any circumstances.

---

[6] This inquiry might be aided if the evidence offered in the protection from harassment hearing is available and if there is an audio recording of that proceeding and of any findings made by the District Court in addition to those set forth in the written order.

7

The entry shall be:

Defendant's motion for summary judgment is denied. Defendant's application for attorney's fees is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _10_, 2020

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 4/21/20

REC'D CUMB CLERKS
APR 10 '20 PM4:12

8