MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2016 ME 144
Docket:       Pen-15-305
Argued:       April 5, 2016
Decided:      September 20, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

FRANK PAWLENDZIO et al.

v.

JON HADDOW

JABAR, J.

[¶1]   Frank and Beverly Pawlendzio appeal from an order of the Superior Court (Penobscot County, *Anderson, J.*) granting summary judgment in favor of Jon Haddow on the Pawlendzios' claim alleging attorney malpractice.  Because the record does not present a legally cognizable claim of legal malpractice, we affirm.

## I.  FACTS

[¶2]   For fifteen years, Frank Pawlendzio owned and operated Oak Ridge Builders, Inc., a home construction company.  Oak Ridge was in business until 2007, when it filed for bankruptcy.  Jon Haddow provided legal advice in connection with the bankruptcy proceedings.  There is no suggestion that

Haddow was negligent in providing advice regarding the corporate bankruptcy in 2007.

[¶3]   While the corporate bankruptcy was pending, Frank decided to build a house in his individual capacity on a parcel of property that he owned with the intent to sell the house ("spec house") upon completion.   Haddow again provided Frank with legal advice concerning the venture.   To finance the project, Frank obtained funding from three people: $110,000 from a longtime friend, Howard Martin; $57,500 from his elderly father-in-law, Edward King, whose accounts were controlled by Frank's wife, Beverly; and $4,000 from his brother, Stan Pawlendzio.   At the time they were made, all three loans were unsecured.

[¶4]   When the house was substantially completed but before it was sold, Frank learned that he continued to owe a significant amount of money to Oak Ridge's creditors because he had personally guaranteed some debts that were not subject to discharge in the corporate bankruptcy.

[¶5]  Frank consulted Haddow about filing for personal bankruptcy, and because he understood from conversations with Haddow that he could protect his unsecured creditors with mortgages, Frank asked Haddow to prepare after-the-fact mortgages for the three personal lenders.   Pursuant to

these discussions, Haddow prepared the mortgages. The Pawlendzios subsequently filed for bankruptcy in December 2008, and sold the spec house shortly thereafter. Haddow represented the Pawlendzios in the personal bankruptcy proceeding.

[¶6] The after-the-fact mortgages did not, however, protect the personal lenders' interest as contemplated. At the conclusion of the bankruptcy proceedings, the bankruptcy estate distributed $500 each to King and Frank, and $105,000 to Martin. Although the bankruptcy estate repaid the majority of the funds Martin loaned to Frank, the Pawlendzios made monthly payments to him to make up the difference because they believed that he had a viable claim against them and because they wanted to salvage their friendship with Martin.

[¶7] Following the Pawlendzios' personal bankruptcy proceedings, on July 11, 2012, they filed a complaint against Haddow in the Superior Court asserting claims of legal malpractice and seeking damages for economic loss and extreme emotional distress. In their complaint, the Pawlendzios alleged that after learning of his substantial personal debt obligations, Frank requested that Haddow protect the investments of the three personal lenders and that Haddow was negligent in failing to do so by means of the after-the-

fact mortgages or otherwise. As damages, the Pawlendzios asserted that, although their debts were discharged in bankruptcy, they had a moral obligation to repay the remainder of the debts owed to their friend, Martin, and the accounts controlled by Beverly. The Pawlendzios also asserted that Haddow's alleged failure to protect the interests of the originally unsecured creditors has caused them emotional distress.

[¶8] Haddow subsequently moved for summary judgment, and, on May 26, 2015, the court entered an order granting summary judgment in his favor. The Pawlendzios timely appealed.

## II. DISCUSSION

[¶9] We review a grant of summary judgment de novo, considering the evidence in the light "most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Rainey v. Langen,* 2010 ME 56, ¶ 23, 998 A.2d 342 (quoting *Beal v. Allstate Ins. Co.,* 2010 ME 20, ¶ 11, 989 A.2d 733).

[¶10] To prove attorney malpractice, a plaintiff must show (1) a breach by the defendant of the duty owed to the plaintiff to conform to a certain

standard of conduct; and (2) that the breach of that duty proximately caused an injury or loss to the plaintiff. *See Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C.*, 1998 ME 210, ¶ 12, 718 A.2d 186.

[¶11] Professional negligence, in the context of a legal malpractice action, is the failure to use such skill, prudence and diligence as is reasonable according to the standards of ordinarily competent lawyers performing similar services under like conditions. *Sohn v. Bernstein*, 279 A.2d 529, 532 (Me. 1971).

[¶12] To prove professional negligence, the plaintiff must present expert testimony "to establish the appropriate standard of care and whether an attorney breached that standard of care, except when the breach or lack thereof is so obvious that it may be determined by a court as a matter of law or is within the ordinary knowledge of laymen." *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 26, 8 A.3d 677 (citing *Pitt v. Frawley*, 1999 ME 5, ¶ 9, 722 A.2d 358).

[¶13] Here, the Pawlendzios allege that Haddow breached a duty owed to them when he failed to protect the loans made by the three personal lenders in connection with the building of the spec house. The Pawlendzios failed, however, to present any expert's opinion establishing either the

6

standard of care of an "ordinarily competent lawyer" or how Haddow's conduct deviated from that standard. Although the Pawlendzios complain that Haddow should have done more to protect the three creditors, they do not proffer any expert testimony within their statement of material facts to establish what Haddow, in the exercise of his duty, should have done to protect the loans made to Frank by his family and friends.

[¶14] In reviewing a motion for summary judgment, our inquiry is limited to the statement of material facts and the references to the record contained therein. Although we will view the facts in the light most favorable to the Pawlendzios, to defeat a defendant's motion for summary judgment, a plaintiff must present evidence sufficient to generate a prima facie case of a legally cognizable claim. *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103 ¶ 12, 48 A.3d 774. Thus, it is not enough for the Pawlendzios to simply allege, as they did here, that Haddow owed them a duty; Haddow concedes that he did. Rather, the Pawlendzios had the burden of producing expert-based evidence that Haddow in fact breached that duty.

[¶15] The Pawlendzios base their claims on the fact that the loans made to them by friends and relatives lost their protected status as a result of the bankruptcy proceedings, contrary to Haddow's advice. The Pawlendzios'

statement of material fact #36 references their expert's opinion that Haddow should have advised Frank that creditors from his earlier corporate bankruptcy could potentially assert claims against him because he personally guaranteed some of the corporation's debts. There is no reference by the expert, however, to what specifically Haddow should have done or failed to do in connection with the Pawlendzios' personal bankruptcy to protect the loans of the three personal lenders. Further, there is no other proffered expert evidence in the Pawlendzios' statement of material facts establishing a causal link between Haddow's alleged breach of duty and the Pawlendzios' injury. For these reasons, we affirm.

The entry is:

Judgment affirmed.

**On the briefs:**

Jed Davis, Esq., and Aglaia Davis, Esq., Jim Mitchell and Jed Davis, P.A., Augusta, for appellants Frank and Beverly Pawlendzio

James M. Bowie, Esq., Thompson & Bowie, LLP, Portland, for appellee Jon Haddow

8

**At oral argument:**

Jed Davis, Esq., for appellants Frank and Beverly Pawlendzio

James M. Bowie, Esq., for appellee Jon Haddow

Penobscot County Superior Court docket number CV-2012-104
FOR CLERK REFERENCE ONLY