MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 55
Docket:      Cum-16-86
Argued:      November 8, 2016
Decided:     March 21, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and <u>HUMPHREY</u>, JJ.

THOMAS M. BROOKS

v.

JOHN R. LEMIEUX

HUMPHREY, J.

[¶1]  Thomas M. Brooks appeals from a summary judgment entered in the Superior Court (Cumberland County, *L. Walker, J.*).  The court concluded that Brooks failed to present prima facie evidence of causation to proceed with his legal malpractice and other tort claims against John R. Lemieux.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  "Viewing the record in the light most favorable to the non-prevailing part[y], the summary judgment record contains the following facts, which are undisputed unless otherwise noted."  *Estate of Frost*, 2016 ME 132, ¶ 2, 146 A.3d 118 (quotation marks omitted).

2

[¶3]  Brooks was employed at Bath Iron Works (BIW) from 1979 until his termination in 2006 following BIW's determination that Brooks had failed in his job performance and had violated the conditions of a "Last Chance Agreement."  Brooks unsuccessfully grieved the termination.  After the Local S7 Union Grievance Committee voted not to arbitrate his grievance, Brooks hired Attorney John R. Lemieux.  In February 2007, Brooks, represented by Lemieux, filed a complaint in the United States District Court for the District of Maine against the Union and BIW alleging claims for breach of the collective bargaining agreement and discrimination.  BIW and the Union moved for summary judgment.

[¶4]  In opposing the motions, Lemieux failed to timely file opposing statements of material facts: Lemieux filed the opposition to the Union's facts one day late and filed a motion to enlarge the time to respond to BIW's facts more than thirty days late.[1]

[¶5]  The magistrate judge (*Rich, Mag.*) issued a recommended decision granting a summary judgment in favor of BIW and the Union.  The

---

[1]  The federal court denied the request to enlarge the time to file an opposition to BIW's facts, and considered only Brooks's opposition to the Union's statement of facts in ruling on the motion for summary judgment.  This was ultimately not material to the court's decision because the claims were analyzed pursuant to the rules applicable to "hybrid" cases wherein an employee alleges a breach of the collective bargaining agreement and discrimination in the handling of the grievance. *See Miller v. U.S. Postal Serv.*, 985 F.2d 9, 11 (1st Cir. 1993).  Because the claims against the Union failed, the court did not have to reach the claims against BIW.

recommended decision noted numerous instances in which Lemieux failed to cite to record evidence in Brooks's statement of additional material facts as well as the opposing statement of material facts, which were thus deemed admitted. The court (*Singal, J.*) affirmed the magistrate judge's recommended decision. The First Circuit Court of Appeals affirmed.

[¶6] On June 27, 2014, Brooks filed the action at issue in this appeal in the Superior Court alleging claims against Lemieux for legal malpractice, breach of fiduciary duty, and negligent infliction of emotional distress. Brooks alleged that, in the federal case, Lemieux breached the professional standard of care applicable to attorneys by failing to (1) timely file responses to statements of material fact supporting summary judgment, (2) follow Local Rule 56 governing statements of fact, (3) obtain affidavits from witnesses, and (4) conduct adequate discovery.

[¶7] On August 5, 2015, Lemieux moved for summary judgment on all claims. After a hearing on January 8, 2016, the court granted the motion and issued a written order entering a summary judgment in Lemieux's favor, concluding that Brooks failed to put forth prima facie evidence of causation for several reasons. First, Lemieux's failure to oppose BIW's statement of material facts was not causally related to the entry of summary judgment

4

because the federal court relied entirely on the Union's facts, and Lemieux's opposition to those facts, although untimely, was considered by the court. Second, even accepting that Lemieux failed to timely oppose the statements of fact, follow the Local Rule regarding record citations, obtain adequate affidavits, and conduct adequate discovery, Brooks did not identify what evidence should have been cited, what affidavits should have been obtained, and what discovery should have been conducted, leaving a fact-finder to speculate about any causal link between the alleged negligence and the injury. Third, Brooks failed to submit admissible expert testimony to support the causation element of his tort claims. The court refused to consider an affidavit by Attorney Julie Moore in which she opined that but for Lemieux's negligence, Brooks would have prevailed in the federal case.[2] The court

---

[2] Moore opined that had Lemieux properly cited to the summary judgment record, timely filed an opposition to BIW's statements of fact, and filed an opposition to the Union's motion for summary judgment on the disability issue, Brooks "would have more likely than not survived summary judgment; and, had the same facts as provided in the documents above and reviewed by me been submitted to and found credible by a jury, . . . Brooks would more likely than not . . . [have] been successful in his claim for discrimination against BIW and the Union." Moore further averred that had Lemieux done the foregoing, Brooks "would have more likely than not survived summary judgment and the facts as presented in the documents listed above do show that Mr. Brooks had a claim for discrimination and the facts, should they be believed by a jury, substantiate that claim." Moore formed this opinion based on a review of the motions for summary judgment, oppositions, statements of material fact, "and other material" in Brooks's federal case. Moore identifies no specific evidence from the federal summary judgment record or elsewhere to substantiate her opinion.

concluded that the affidavit contradicted Moore's deposition testimony[3] and, citing the rule announced in *Zip Lube, Inc. v. Coastal Savings Bank*, held that the affidavit was insufficient to generate a disputed issue of material fact. 1998 ME 81, ¶ 10, 709 A.2d 733 ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." (quotation marks omitted)). Because the court did not consider the Moore affidavit, it held that Brooks failed to submit any admissible expert evidence on causation. The court entered a summary judgment on all three counts alleged in the complaint.[4]

[¶8] Brooks timely appealed the judgment pursuant to 14 M.R.S. § 1851 (2016) and M.R. App. P. 2.

---

[3] At her deposition, Moore testified as follows:

> Q: Would the jury be asked to make a credibility determination as to whether they believe what the Union and Bath Iron Works witnesses said about their reason for terminating Mr. Brooks?
>
> A: Yes. Ultimately, was that the real issue or was that a pretext for unlawful discrimination? So that's the ultimate decision. That's a legal conclusion. The jury is dealing with that issue. I'm not dealing with that issue or opining on that at all.

[4] Although the court focused on the legal malpractice claim, the court concluded that if Brooks could not produce prima facie evidence of causation as to that claim, the other derivative tort claims for breach of fiduciary duty and negligent infliction of emotional distress failed as well. *See Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 8, 763 A.2d 121.

## II. DISCUSSION

[¶9] "We review a grant of summary judgment de novo, considering the evidence in the light most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Pawlendzio v. Haddow*, 2016 ME 144, ¶ 9, 148 A.3d 713 (quotation marks omitted). "To prove attorney malpractice, a plaintiff must show (1) a breach by the defendant of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of that duty proximately caused an injury or loss to the plaintiff." *Id.* ¶ 10.

[¶10] "In an action following an attorney error during trial, the court addressing the causation issue in the subsequent malpractice action merely retries, or tries for the first time, the client's cause of action which, the client asserts was lost or compromised by the attorney's negligence." *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C.*, 1998 ME 210, ¶ 15, 718 A.2d 186 (emphasis omitted) (quotation marks omitted). A plaintiff must establish that the defendant's conduct was "a substantial factor in bringing about the loss of the [underlying] action." *Spickler v. York*, 566 A.2d 1385, 1390 (Me. 1989)

(quotation marks omitted). A "mere possibility" of a more favorable result is insufficient. *Id.*

[¶11] Brooks argues that (1) the trial court applied the incorrect malpractice standard, (2) expert testimony is not required, (3) causation presents a jury question, and (4) Attorney Moore's affidavit established prima facie evidence of causation, rendering summary judgment erroneous.

[¶12] We have held that a modified malpractice standard applies where "the alleged negligence is in failing to plead or timely plead so that plaintiff's opportunity to get before the factfinder is lost."[5] *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 9, 763 A.2d 121. This is not such a case.

[¶13] Although Brooks argues he had a viable retaliation claim, Lemieux brought a discrimination claim and developed facts sufficient to evaluate the alleged malpractice pursuant to the ordinary standard. *Cf. Niehoff*, 2000 ME 214, ¶¶ 9-10, 763 A.2d 121. Brooks argues that Lemieux brought the discrimination claim pursuant to the wrong federal statute, but

---

[5] The standard dispenses with the ordinarily malpractice standard in order to account for the difficulty of proving that the plaintiff would have prevailed on a claim that was never brought. *See Niehoff*, 2000 ME 214, ¶ 9, 763 A.2d 121. The standard requires a plaintiff to "demonstrate that there are facts in dispute which are sufficient to allow a jury to conclude that: (1) the defendant attorney was negligent in representation of the plaintiff; and (2) the attorney's negligence caused the plaintiff to lose an opportunity to achieve a result, favorable to the plaintiff, which (i) the law allows; and (ii) the facts generated by plaintiff's M.R. Civ. P. 7(d) statements would support, if the facts were believed by the jury." *Id.* ¶ 10.

fails to explain how this technical defect was material to the court's decision. Brooks lastly appears to argue that Lemieux should have presented more evidence to support the claim—alleged negligence that may be properly evaluated pursuant to the garden-variety legal malpractice standard. *See id.* ¶ 9 (stating that the ordinary malpractice standard applies to "advice or tactics which preceded a final result on the merits of an underlying action").

[¶14]  Contrary to Brooks's contention, expert testimony establishing that Brooks would have prevailed had Lemieux not breached his duty of care is required to establish a causal link between the negligence and the injury. *See, e.g.*, *Johnson v. Carleton*, 2001 ME 12, ¶¶ 14-15, 765 A.2d 571 (affirming the entry of a summary judgment on the basis that a legal malpractice claim failed without expert testimony on causation).

[¶15]  As noted above, after disregarding the Moore affidavit because the affidavit contradicted Moore's deposition testimony and expert disclosure, the trial court concluded that the record was devoid of expert evidence on causation. *See Zip Lube*, 1998 ME 81, ¶ 10, 709 A.2d 733.

[¶16]  The rule recited in *Zip Lube* is intended to prevent parties from submitting contradictory testimony in opposition to a summary judgment motion to strategically generate a material fact dispute. *See* 10A Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2726.1 at 465 (2016) ("[T]he nonmoving party should not be allowed to manufacture a question of fact to delay resolution of the suit."); *see also Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, ¶¶ 33-34, 980 A.2d 1270 (affirming entry of a summary judgment, concluding that new testimony contradicted prior deposition testimony and interrogatory responses); *Zip Lube*, 1998 ME 81, ¶¶ 9-10, 709 A.2d 733 (concluding that the court properly disregarded a party's contradictory testimony about the chronology of events supporting a claim). The rule applies where there is a *clear* contradiction, not merely discrepancies, between the prior testimony and the subsequent testimony. *See Garland v. Roy*, 2009 ME 86, ¶ 18 n.4, 976 A.2d 940 ("[A]lthough there are discrepancies between [the plaintiff]'s earlier testimony and later testimony, the changes in [his] later testimony do not amount to a direct contradiction of his earlier testimony.").

[¶17] At Moore's deposition, Lemieux asked whether the fact-finder would find credible BIW's and the Union's reason for terminating Brooks. Moore declined to opine as to whether the jury would believe the reason was a pretext, maintaining that that was the "ultimate decision," a legal conclusion, and a question for the jury. Her affidavit similarly noted that the ultimate

determination as to the credibility and weight of the evidence supporting the discrimination claim would be for the fact-finder. There was therefore no contradiction between her deposition testimony and her affidavit; at most, Moore expanded upon her earlier testimony to opine that it was more likely than not that Brooks would have prevailed. Moore did not, for example, testify that Brooks could not prevail on his discrimination claim only to opine the opposite in the affidavit—a circumstance in which the rule would apply. The trial court should not have refused to consider Moore's affidavit on the basis that it contradicted Moore's prior testimony.

[¶18] The error, however, was harmless because even if considered, the affidavit is fatally deficient for other reasons highlighted by the court. *See* M.R. Civ. P. 61. The affidavit is conclusory, offering not a single specific reference to evidence that was in the record or could have been obtained to support the opinion that but for Lemieux's errors, Brooks would have prevailed. Such evidence is essential to proving the "case-within-a-case." *See Bozelko v. Papastavros*, 147 A.3d 1023, 1029 (Conn. 2016) ("[T]he plaintiff typically proves that the . . . attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the [attorney] not been negligent. This traditional

method of presenting the merits of the underlying action is often called the 'case-within-a-case.'" (quotation marks omitted)); *see also Steeves*, 1998 ME 210, ¶ 15, 718 A.2d 186.

[¶19] Moore's opinion amounts to, in substance, listing Lemieux's breaches of the standard of care and baldly stating that had those breaches not occurred, Brooks would have defeated the motion for summary judgment. Without citing the evidence that, in her opinion, supported the underlying claims in the federal case or rendered Lemieux's breaches material to the outcome, Moore's conclusory opinion was insufficient prima facie evidence of causation to evade summary judgment. The fact-finder would have had no competent evidence from which to conclude that Lemieux's negligence caused the loss without speculating. *See Pawlendzio*, 2016 ME 144, ¶ 15, 148 A.3d 713 (affirming a summary judgment where an expert neither specifically stated what the attorney failed to do nor established, through statements of material fact, a causal link between the breach and the injury); *Allen v. McCann*, 2015 ME 84, ¶ 11, 120 A.3d 90 (holding that an attorney's assertion "without further detail or explanation" that the client could have settled for more "[did] not provide a foundation upon which a jury could assess damages without resort to speculation"); *Steeves*, 1998 ME 210, ¶ 13, 718 A.2d 186.

[¶20]   Because Brooks failed to put forth prima facie evidence of causation to support his claims, the court properly granted a summary judgment in favor of Lemieux.

The entry is:

Judgment affirmed.

---

Anthony J. Sineni III, Esq. (orally), Law Offices of Anthony J. Sineni III, Portland, for appellant Thomas M. Brooks

Martha C. Gaythwaite, Esq. (orally), and Marie J. Mueller, Esq., Verrill Dana, LLP, Portland, for appellee John R. Lemieux

Cumberland County Superior Court docket number CV-2014-293
FOR CLERK REFERENCE ONLY