STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-059

MEMANA ABRAHAM, and
ALEYEMMA ABRAHAM

      Plaintiffs

ORDER

    v.

ANDREW BROADDUS

      Defendant

This matter comes before the court on Defendant, Andrew Broaddus' Motion for Summary Judgment. After due consideration, Defendant's Motion is granted. Because the Defendant's Motion for Summary Judgment has been granted, Plaintiffs' Motion for Partial Summary Judgment is denied.

## I. Factual Background

Defendant is an attorney licensed to practice law in the state of Maine. Plaintiffs, Memana and Aleyemma Abraham, hired the Defendant to represent the Plaintiffs in various property and debt collection matters in September, 2015. These matters included: (1) collection of unpaid rent under a commercial tenancy with Awakening Recovery Center; (2) exploration of legal remedies stemming from the Plaintiffs' purchase of 94 Pierce St., Westbrook Maine, in 2010; and (3) prosecuting a lawsuit against Viking Restoration LLC. The instant lawsuit alleges that Defendant was negligent and breached his fiduciary duty to the Plaintiffs during his representation in these matters.

### A. Awakening Recovery Center

Entered on the Docket: 08/05/21

REC'D CUMB CLERKS OFC
AUG 5 '21 PM3:55

1

Plaintiffs leased commercial property to Chastain Darling, doing business as Awakening Recovery Center, from August 15, 2014 to July 31, 2015. (DSMF ¶ 2, Exhibit 2.). Christian Darling was the sole proprietor of Awakening Recovery Center. (DSMF ¶ 3.) The lease between Plaintiffs and Awakening Recovery Center states that Christian Darling was personally responsible for any unpaid rent under the lease. (DSMF ¶ 4, Exhibit 2 § 17.) Plaintiffs hired the Defendant in September 2015 in an attempt to recover unpaid rent and damages allegedly owed by Christian Darling under the terms of the commercial lease. (DSMF ¶¶ 1, 5.) Defendant prepared and sent a demand letter to Christian Darling on behalf of the Plaintiffs claiming unpaid rent and damages. (DSMF ¶ 5.) The Defendant determined that, in his opinion, Christian Darling was uncollectable and chose not to file a lawsuit in the matter. (DSMF ¶ 6). The Plaintiffs allege that Awakening Recovery Center is now defunct and that Defendant's failure to initiate a lawsuit constitutes professional negligence and a breach of fiduciary duty.

**B. 94 Pierce St.**

Plaintiffs purchased property located at 94 Pierce St., Westbrook Maine, from Michael Lydon by Warranty Deed on January 13, 2010. (DSMF ¶ 9.) Plaintiffs did not retain an attorney to represent them in the purchase of the property. (DSMF ¶ 10.) Plaintiffs engaged Fidelity Title, who in turn hired an attorney, Tom Powers, with the expectation that Fidelity would perform a title search on the property. (Abraham Dep. pg. 39 ¶¶ 10-20.) The Plaintiffs have no written agreement indicating that Fidelity or Attorney Powers was going to search for defects in the property's title on the Plaintiffs' behalf. (Abraham Dep. pg. 43 ¶¶ 15-19.) The Plaintiffs did not obtain or review a title opinion on the property or perform any survey or review the property deed prior to the purchase of the property. (DSMF ¶¶ 11-14; Abraham Dep. pg. 42 ¶¶ 5-13.) The Plaintiffs now claim that there are various defects in the Warranty Deed obtained from Michael

Lyden which have reduced the value of the property. Defendant concluded, in his professional opinion, that the property does not have a defect involving a lot line and that there is insufficient evidence to suggest that the property is unbuildable or materially reduced in value. (DSMF ¶¶ 15-16.)

The building situated on 94 Pierce St. was destroyed by a fire in 2015. (DSMF ¶ 22, Exhibit 22.) The Plaintiffs later discovered that the building was actually situated on a portion of the abutting property. (*Id.*) Defendant submitted a title insurance claim on Plaintiffs' behalf to First American Title Insurance Company on April 28, 2016, which sought to recover the policy limit under their title insurance policy. (DSMF ¶ 22.) First American denied the claim. (DSMF ¶ 23.) The Defendant did not initiate a lawsuit against First American, Fidelity Title, attorney Powers, or Michael Lyden. The Plaintiffs claim that the statute of limitations to bring a lawsuit has run against several of these individuals and that Defendant's failure to act constitutes professional negligence and a breach of fiduciary duty.

## C. Viking Restoration

The Plaintiffs hired the Defendant to bring a civil action against Viking Recovery Center LLC. (DSMF ¶¶ 25-26.) Defendant commenced a civil action in the Cumberland County Superior Court on Plaintiffs' behalf on August 6, 2018. (DSMF ¶ 27.) It appears that the Defendant did not attempt to obtain a pre-judgment security in the lawsuit. Viking Restoration filed for bankruptcy in March 2019, while the Plaintiffs' lawsuit was still pending. (DSMF ¶ 31.) Defendant filed a notice of claim on behalf of the Plaintiffs in the bankruptcy proceeding and participated in the Bankruptcy Action. (DSMF ¶¶ 31-32.) Deposition testimony suggests that the Plaintiff's received some payment out of the Bankruptcy Action. (Broaddus Dep. pgs. 108-109). However, Plaintiffs allege that the Defendant's failure to seek pre-judgment security in the civil

3

action filed in Cumberland County, prior to the Bankruptcy Action, constitutes professional negligence and a breach of fiduciary duty.

### D. Procedural History

The Defendant filed this Motion for Summary Judgment on January 25, 2021. The Plaintiffs failed to timely respond to Defendant's Motion and, for reasons fully explained in this court's previous Procedural Order, the court denied Plaintiff's Motion for Enlargement of Time to respond to the Motion. The Plaintiff has also filed his own Motion for Partial Summary Judgment on April 16, 2021 seeking judgment on the elements of breach of duty and causation. Even though the court has ruled that Plaintiff's response is untimely, the court must still look to Defendant's Motion for Summary Judgment and the record in support to determine whether the Defendant has shown that he is entitled to judgment as a matter of law.

## II. Discussion

### A. Defendant's Motion for Summary Judgment

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quotations omitted). The court reviews the evidence in the light most favorable to the non-moving party. *Id.* A defendant moving for a summary judgment has the initial burden to establish that there was no genuine dispute of material fact and that the undisputed facts entitled it to a judgment as a matter of law. It is then the plaintiff's burden to make out a prima facie case for each claim and

4

demonstrate that a genuine dispute of material fact exists as to each. *Waugh v. Genesis Healthcare LLC*, 2019 ME 179, ¶9.

### 1. Professional Negligence

"Professional negligence, in the context of a legal malpractice action, is failure to use such skill, prudence and diligence as is reasonable according to the standards of ordinarily competent lawyers performing similar services under like conditions." *Pawlendzio v. Haddow*, 2016 ME 144, ¶ 11, 148 A.3d 713. To prove such malpractice, the plaintiff must show: (1) breach by the defendant of that duty of care and (2) that the breach of that duty proximately caused an injury or loss to the plaintiff. *See Pawlendzio*, 2016 ME 144, ¶ 11, 148 A.3d 713. "[T]he plaintiff must present expert testimony 'to establish the appropriate standard of care and whether an attorney breached that standard of care, except when the breach or lack thereof is so obvious that it may be determined by a court as a matter of law or is within the ordinary knowledge of laymen." *Pawlendzio*, 2016 ME 144, ¶ 12, 148 A.3d 713; quoting *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 26, 8 A.3d 677; *see also Pitt v. Frawley*, 1999 ME 5, ¶ 9, 722 A.2d 358 ("It is beyond dispute that expert testimony is required to establish the requisite standard of care for determining the alleged [legal] malpractice in question.")

The plaintiff must also provide expert testimony to establish a causal link between the negligent act and injury alleged. *See Brooks v. Lemieux*, 2017 ME 55, ¶ 14, 157 A.3d 798; *see also Pawlendzio*, 2016 ME 144, ¶ 15, 148 A.3d 713. To establish a causal link, the "plaintiff must demonstrate that he or she would have achieved a more favorable result but for the defendant's alleged legal malpractice." *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 9, 763 A.2d 121.

5

In regard to Awakening Recovery Center, the Defendant sent a demand letter to Awakening Recovery's sole proprietor, Christian Darling, who is personally responsible for the unpaid rent. The Defendant ultimately concluded that Christian Darling was judgment proof on that claim and chose not to file a lawsuit. The statute of limitations for an action against Christian Darling did not expire until March, 2021 and at the time that this suit was filed, Plaintiff still had time to commence suit against Darling.[1]

The Defendant here has made the requisite showing for summary judgment purposes. ,He has put facts on the record that he made a judgment call. Furthermore, because suit could still be filed. Therefore, there was no evidence of damages.[2]

At this point, the burden rests on the Plaintiff to establish a *prima facie* case. Because the court did not allow the late response to the summary judgment motion, there is no expert testimony establishing what duty of care the Defendant owed to the Plaintiffs under these circumstances or whether the Defendant's actions breached that duty of care. Moreover, there is no expert testimony in the summary judgment record establishing that the Plaintiffs would have received a more favorable result had the Defendant filed a lawsuit against Awakening Recovery Center prior to its dissolution or that the same recovery, if such was warranted, could not have been obtained against Christian Darling personally.

In regards to 94 Pierce St., the Defendant's Statement of Material Facts establishes that the Defendant was not involved with the purchase of the property, and after the structure on the property was destroyed, filed a claim on Plaintiffs behalf with First American Title Insurance

---

[1] The facts giving rise to a potential cause of action against Christian Darling arose in March, 2015. The Plaintiffs had six years from that date to file a lawsuit. *See* 14 M.R.S. § 752.

[2] The court does not suggest that there is no legal malpractice claim any time the statute of limitations has yet to run. In this case, it is enough for the Defendant to meet his burden when filing a summary judgment motion. The burden is the Plaintiff to then make out the prima facie case.

6

Company. Plaintiff still has the opportunity to file suit on the claims against the title insurance company and against the seller on the breach of warranty claims. The Defendant established that there was no evidence that the property had lost value.

The Defendant's showing is sufficient to place the burden on the Plaintiff to establish a genuine issue of material fact with respect to liability and causation. In this case, expert testimony would be necessary to establish both liability and causation. For the reasons already described, there is no such record for the court to consider here.

In regard to the Viking Restoration LLC matter, the Plaintiffs' theory is that the Defendant breached the duty of care owed when he failed to secure a pre-judgment attachment in the action against the LLC before it filed for bankruptcy. In his Statement of Material Facts, Defendant makes no reference to a motion for prejudgment attachment. In his brief, Defendant argues simply that the Rules do not require a motion for attachment. Similarly, the Defendant makes no effort to explain why there is no causation as a matter of law. Therefore, the Defendant has not met his initial burden to show why he is entitled to summary judgment as a matter of law.

It is true that here is no expert testimony in the summary judgment record either establishing that seeking pre-judgment security was the standard practice that the Defendant should have observed under the circumstances or establishing that the Plaintiffs would have actually achieved a more favorable result had the Defendant sought pre-judgment security. Nevertheless, because Defendant failed to meet his initial burden, the court denies summary judgment to the extent it seeks recovery arising from Defendant's representation in the Viking restoration matter.

7

*2. Breach of Fiduciary Duty*

In a professional negligence claim, "the same rules of causation generally apply whether the cause of action sounds in contract, negligence, or breach of fiduciary duty." *Niehoff v. Shankman & Assocs. Legal Ct., P.A.*, 2000 ME 214, ¶ 8, 763 A.2d 121; *see also Lemieux*, 2017 ME 55, ¶ 7 n.4, 157 A.3d 798 (upholding the trial court's grant of summary judgment on the "derivative torn claim[]" of breach of fiduciary duty for failure to produce prima facie evidence of causation.) For the same reasons as the court granted summary judgment on the professional negligence claim for the Awakening Recovery Center and the 94 Pierce St. issues and denied summary judgment on the Viking Restoration claim, the court dies the same with the breach of fiduciary duty claim.

**B.  Plaintiff's Motion for Partial Summary Judgment.**

The Plaintiff filed a motion for partial summary judgment with respect to liability. The Defendant did not respond, so the court reviews the motion as unopposed. First, however, the court reviews the Plaintiff's motion to see if he met his initial burden. The initial burden for a Plaintiff bearing the burden of proof when filing a motion for summary judgment is higher. "When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *North Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278. Because the court has granted summary judgment against the Plaintiff on the Awakening Recovery Center and the 94 Pierce St. claims, the Plaintiff's Summary Judgment Motion is moot and the court denies the motion with respect to those claims.

With respect to the Viking Restoration Claim, the court examines the Plaintiff's Statement of Material Facts to determine if the Plaintiff has met his initial burden. the Plaintiff's Statement

8

of Material Facts, ¶ 61, notes that Defendant made the decision not to pursue a prejudgment attachment. That implies a judgment call was made. The court does not find, based on the motion, that the Plaintiff has shown that decision was professional malpractice as a matter of law. In addition, nothing in the Plaintiff's Statement of Material Facts establishes causation. Specifically, had counsel moved for an attachment, there is no evidence that he would have been successful, or if successful, that assets would have been available to satisfy a judgment. Therefore, the court denies the Plaintiff's Motion for Summary Judgment.

## VI. Conclusion

The entry is:

Defendant's Motion for Summary Judgment on Counts I and II is GRANTED in part and DENIED in part, as explained by this Order.

Plaintiffs' Motion for Partial Summary Judgment is DENIED.

Maine Rule of Civil Procedure 79(a).

Date: August 5, 2021

Thomas McKeon
Justice, Superior Court

9